UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISON

| | |
|---|---|
| ABDIRAHMAN GEYRE,<br><br>                Plaintiff,<br><br>v.<br><br>MITCHELL D. BLUHM & ASSOCIATES, LLC, and CF MEDICAL LLC,<br><br>                Defendants. | Case No: 4:22-cv-206<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff, Abdirahman Geyre, by and through the undersigned counsel, complains, states, and alleges against Defendants, Mitchell D. Bluhm & Associates, LLC, and CF Medical LLC, as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over Defendants, Mitchell D. Bluhm & Associates, LLC, and CF Medical LLC because they regularly conduct and transact business in this state, Mitchell D. Bluhm & Associates, LLC is located in this District, and part of the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Abdirahman Geyre ("Plaintiff") is a natural person who is a citizen of the State of Virginia residing in Fairfax County, Virginia.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant, Mitchell D. Bluhm & Associates, LLC ("Bluhm") is a limited liability company existing under the laws of the State of Texas, with its principal place of business in Sherman, Texas.

8. Bluhm has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Bluhm regularly collects or attempts to collect debts asserted to be owed to others.

10. Bluhm is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Bluhm's business is the collection of such debts.

12. Bluhm uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Bluhm is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant, CF Medical LLC ("CF Med") is a limited liability company existing under the laws of the State of Nevada, with its principal place of business in Carson, Nevada.

15. CF Med has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. CF Med regularly collects or attempts to collect debts asserted to be owed to others.

17. CF Med is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers.

18. The principal purpose of CF Med's business is the collection of such debts.

19. CF Med uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. CF Med is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Bluhm and CF Med are collectively referred to hereinafter as the "Defendants".

22. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

23. Defendants allege Plaintiff owes $195.03 to CF Med ("the alleged Debt").

24. Plaintiff did not owe $195.03 ("the Claimed Amount") to CF Med.

25. Plaintiff did not owe money to CF Med.

26. Plaintiff was never indebted to CF Med.

27. Plaintiff did not owe the alleged Debt to CF Med.

28. CF Med never offered to extend credit to Plaintiff.

29. CF Med never extended credit to Plaintiff.

30. Plaintiff was never involved in any transaction with CF Med.

31. Plaintiff never entered into any contract with CF Med.

32. Plaintiff never did any business with CF Med.

33. Plaintiff was never advised by anyone that the alleged Debt was sold to CF Med.

34. Plaintiff was never advised by anyone that the alleged Debt was assigned to CF Med.

35. Plaintiff was never advised by anyone that the alleged Debt was transferred CF Med.

36. Plaintiff was never advised by anyone that the alleged Debt was acquired by CF Med.

37. Plaintiff was never advised by CF Med that the alleged Debt was sold to it.

38. Plaintiff was never advised by CF Med that the alleged Debt was assigned to it.

39. Plaintiff was never advised by CF Med that the alleged Debt was transferred to it.

40. Plaintiff was never advised by CF Med that the alleged Debt was acquired by it.

41. CF Med is a stranger to Plaintiff.

42. Upon information and belief, CF Med does not possess competent proof that any entity assigned to it all of that entity's interest in the alleged Debt.

43. Upon information and belief, CF Med does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged Debt.

44. Upon information and belief, CF Med does not possess competent business records concerning the alleged Debt from any entity that owned the alleged Debt.

45. Upon information and belief, CF Med does not possess personal knowledge of the facts set forth in any business records concerning the alleged Debt received from any entity that owned the alleged Debt.

46. Upon information and belief, CF Med does not possess any credit agreement between Plaintiff and any entity that owned the alleged Debt.

47. Upon information and belief, CF Med does not possess any competent proof that Plaintiff agreed to pay the alleged Debt.

48. Upon information and belief, CF Med does not possess any competent proof that

Plaintiff is obligated to pay the alleged Debt.

49. Upon information and belief, CF Med does not possess any competent proof that Plaintiff owed the Claimed Amount at the time CF Med ostensibly acquired the alleged Debt.

50. Upon information and belief, CF Med does not possess any competent proof that the Claimed Amount was accurate at the time CF Med ostensibly acquired the alleged Debt.

51. Upon information and belief, CF Med holds no legal right, title or interest in any debt Plaintiff allegedly owed.

52. The alleged Debt does not arise from any business enterprise of Plaintiff.

53. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

54. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred by CF Med to Bluhm for collection.

55. At the time the alleged Debt was assigned or otherwise transferred to Blumn for collection, the alleged Debt was in default.

56. In their efforts to collect the alleged Debt, Defendants decided to contact Plaintiff by written correspondence.

57. Rather than preparing and mailing such written correspondence to Plaintiff on their own, Defendants decided to utilize a third-party vendor to perform such activities on its behalf.

58. As part of its utilization of the third-party vendor, Defendants conveyed information regarding the alleged Debt to the third-party vendor.

59. The information conveyed by Defendants to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned or Plaintiff's medical treatment, among other things.

60. In fact, Bluhm conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

61. Defendants' conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

62. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendants' direction.

63. That correspondence, dated May 20, 2021 (the "Letter"), was received and read by Plaintiff.

64. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

65. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

66. 15 U.S.C. §§ 1692g and 1692e protects Plaintiff's concrete interests and rights.

67. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

68. Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

69. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

70. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendants.

71. As set forth herein, Defendants deprived Plaintiff of these rights.

72. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived

Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

73. Plaintiff's injury is directly traceable to Defendants' conduct because Defendants initiated the communications, and but for Defendants' conduct, Plaintiff would not have been deprived of his rights.

74. Plaintiff has been misled by Defendants' conduct.

75. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

76. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

77. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

78. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to his credit rating.

79. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

80. As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

81.     As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

82.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

83.     A favorable decision herein would redress Plaintiff's injury with money damages.

84.     A favorable decision herein would serve to deter Defendants from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692c(b) and § 1692f

85.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

86.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

87.     The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

88.     Plaintiff never consented to Defendants' communication with the third-party vendor concerning the alleged Debt.

89.     Plaintiff never consented to Defendants' communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

90.     Plaintiff never consented to Defendants' communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

91. Upon information and belief, Defendants have utilized a third-party vendor for these purposes thousands of times.

92. Defendants utilize a third-party vendor in this regard for the sole purpose of maximizing their profits.

93. Defendants utilize a third-party vendor without regard to the propriety and privacy of the information which they disclose to such third-party.

94. Defendants utilize a third-party vendor with reckless disregard for the harm to Plaintiff that results from Defendants' unauthorized disclosure of such private and sensitive information.

95. Defendants utilize a third-party vendor with reckless disregard for Plaintiff's right to privacy.

96. Defendants utilize a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

97. Defendants violated 15 U.S.C. § 1692c(b) when they disclosed information about Plaintiff's alleged Debt to the third-party vendor.

98. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

99. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

100. Defendants disclosed Plaintiff's private and sensitive information to the third-party vendor.

101. Defendants violated 15 U.S.C. § 1692f when they disclosed Plaintiff's private and sensitive information to the third-party vendor.

102. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

103. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

104. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

105. A violation of Section 1692c(b) is an invasion of privacy.

106. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

107. An invasion of privacy is an injury-in-fact that provides Article III standing

108. As described herein, Defendants violated Section 1692c(b).

109. As described herein, Defendants invaded Plaintiff's privacy.

110. As such, Plaintiff has standing to seek redress in this Court.

111. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

112. A violation of Section 1692c(b) is a public disclosure of private facts.

113. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

114. A public disclosure of private facts is an injury-in-fact that provides Article III standing

115. As described herein, Defendants violated Section 1692c(b).

116. As described herein, Defendants publicly disclosed Plaintiff's private facts.

117. As such, Plaintiff has standing to seek redress in this Court.

118. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(b) and 1692f and are liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

119. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

120. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

121. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

122. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

123. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

124. As set forth in this Complaint, Plaintiff did not owe the Claimed Amount.

125. As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

126. In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

127. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

128. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

129. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

130. As set forth in this Complaint, Plaintiff did not owe money to CF Med.

131. As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

132. In sum, Defendants' statement that CF Med was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to CF Med, violates 15 U.S.C. § 1692g(a)(2).

133. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

134. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

135. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

136. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

137. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

138. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

139. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

140. As set forth in this Complaint, Plaintiff did not owe the Claimed Amount.

141. As set forth in this Complaint, Plaintiff did not owe money to CF Med.

142. As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

143. Defendants' allegation that Plaintiff owed money to CF Med is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

144. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

145. Defendants' allegation that Plaintiff owed money to CF Med is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

146. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

147. Defendants' allegation that Plaintiff owed money to CF Med is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

148. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

149. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendants' actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: March 14, 2022

By: */s/ Joel S. Halvorsen*
Joel S. Halvorsen, #67032
Samantha J. Orlowski, #72058
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
sam@hklawstl.com
*Attorneys for Plaintiff*